IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MAO BING MU, #A74 115 597 | * | |
| Petitioner | | |
| v. | * | CIVIL ACTION NO. WMN-05-385 |
| THOMAS RIDGE | * | |
| Respondent. | | |

\*\*\*\*\*\*

**<u>MEMORANDUM</u>**

Petitioner Mao Bing Mu, a Chinese National, is an inadmissible alien presently confined at the St. Mary's County Detention Center in Leonardtown, Maryland. On February 7, 2005, Petitioner filed this 28 U.S.C. § 2241 Petition for writ of habeas corpus relief. Paper No. 1. Petitioner claims that his order of removal became final in May of 2002, and that he has been detained in Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") custody since November 26, 2003. *Id*. He states that throughout 2004, ICE has ordered his continued custody. Petitioner complains that his removal to China is "not significantly likely to occur in the reasonably foreseeable future" and that ICE does not provide a neutral and impartial decision-making process for reviewing an alien's continued custody. *Id*.

Petitioner contends that his post-removal-order detention violates substantive and procedural due process and constitutes a statutory violation of 8 U.S.C. § 1231(a)(6) under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Paper No. 1. He seeks release from ICE custody and an injunction to enjoin Respondent from detaining him further. *Id*.

Respondent filed a Response and Motion to Substitute Respondents on March 18, 2005.[1] Paper No. 3. On April 11, 2005, a Supplement to the Response was filed. Paper No. 4. For reasons to follow, habeas corpus relief shall be denied and the Petition shall be dismissed.

## Procedural History

This is Petitioner's second § 2241 Petition. The background facts of his case were set out in the undersigned's November 30, 2004 Memorandum in *Mu v. Ashcroft, et al.*, Civil Action No. WMN-04-2893 (D. Md. 2004) and may be summarized as follows.

Petitioner is a native and citizen of the People's Republic of China ("PRC") who was apprehended and taken into custody on the high seas on October 2, 1996, when the U.S. Coast Guard Cutter Reliance boarded the Chinese flagged motor vessel Xing Da, as a result of a undercover anti-smuggling operation. Paper No. 3, Ex. A. Found aboard the Xing Da were 83 people locked in the sealed hold of ship. *Id*. As a crew member of the Xing Da, Petitioner was an "enforcer" in charge of controlling "passengers" in the hold. *Id*.

On November 13, 1996, Petitioner was paroled into the United States for prosecution. *Id*. A four count indictment was issued in the United States District Court for the District of Massachusetts, charging Petitioner with alien smuggling, alien smuggling for financial gain, conspiracy, and aiding and abetting, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(i), 1324(a)(1)(A)(v)(I) and (II), 1324(a)(2)(B)(ii), and 18 U.S.C. § 371. Paper No. 3, Ex. A. Petitioner was found guilty of all counts and sentenced to 96 months in the U.S. Bureau of Prisons, with a 36-month period of supervised release. *Id*.

---

[1] Respondent moves to substitute the name of Timothy K. Cameron, Warden of the St. Mary's County Detention Center, as Respondent, and to dismiss the Petition against Respondent Ridge. Paper No. 3 at 2-4. The Motion shall be granted.

On March 26, 2002, Petitioner was served with a Notice of Intent to Issue a Final Administrative Order. Paper No. 3, Ex. A. He was charged as being removable as an alien convicted of an aggravated felony, to wit, alien smuggling under the Immigration and Nationality Act ("INA"), § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as defined under INA §§ 101(a)(43)(N) and (U), 8 U.S.C. §§ 1101(a)(43)(N) and (U). *Id*. On April 28, 2002, Petitioner was served with a Final Administrative Removal Order. *Id*. He did not seek judicial review of that Order. Petitioner came into ICE custody when he was released from the Federal Correctional Institution in Cumberland, Maryland on November 26, 2003. *Id*.

A formal application for issuance of a travel document for Petitioner's removal to the PRC was promptly sent to the Chinese Embassy on December 4, 2003. *Id*. The ICE Deportation Office made frequent attempts to contact the Chinese Embassy to obtain a travel documents. *Id*. In January, 2004, an unsuccessful attempt was made to obtain Petitioner's passport by allowing him to call his family in China. *Id*. Petitioner completed a travel permit application in February, 2004. *Id*. Several unsuccessful attempts were made to contact the Chinese Embassy in February, March, April, May, and June of 2004. *Id*. On June 28, 2004, (i) a memorandum was sent to the ICE Headquarters advising them of the problem and requesting assistance in obtaining a travel document for Petitioner and (ii) Petitioner's Deportation Officer made contact with the Chinese Embassy and was given instructions for presenting materials to obtain travel documents. *Id*. According to immigration authorities, the time taken to obtain a travel document for Petitioner was due in part to his having initially given ICE a birth date different from that on his birth certificate. *Id*. October 22, 2004, the Chinese consular officer advised ICE that documentation relating to Petitioner had been sent by facsimile to the Chinese foreign ministry in the PRC. *Id*.

Respondent now affirms that between October 24, 2004 and March 11, 2005, Petitioner's Deportation Officer personally contacted the Chinese Embassy on seven occasions to check on the status of the travel document request. Paper No. 3, Ex. B. On March 17, 2004, the Chinese consular officer indicated that she had sent a second request for issuance of a travel document to the Chinese Foreign Ministry. *Id*. In his Supplemental Response, Respondent indicates that a travel document has now been received and that DHS will "proceed expeditiously to schedule travel arrangements for Petitioner's return to China."[2] Paper No. 4, Supplement at 2, Ex. A. He argues that the Petition should be dismissed because Petitioner cannot meet his burden of establishing that there is no significant likelihood of removal in the reasonably foreseeable future. *Id*.

## Analysis

In *Zadvydas*, the Supreme Court held that INA § 241(a)(6), 8 U.S.C. § 1231(a)(6), read in light of the due process protections to be afforded to aliens who have been admitted into the United States, generally permits the detention of such an alien under a final order of removal only for a period reasonably necessary to bring about that alien's removal from the United States. *Zadvydas*, 533 U.S. at 701. It was concluded that the detention of such an alien beyond the statutory removal period, for up to six months after the removal order becomes final, is "presumptively reasonable." *Id.* After six months, if an alien can provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must rebut the alien's showing in order to continue the alien in detention. *Id*. The standard in *Zadvydas* has been extended to apply to inadmissible aliens such as Petitioner. *Clark v. Suarez-Martinez*, 125 S.Ct. 716, 722-23 (2005).

---

[2] The Permit for Entry, issued on March 28, 2005, is valid for a three-month period. Paper No. 4, Ex. A.

Petitioner's continued detention does not violate statutory constraints or due process. Respondent asserts that over the past five fiscal years approximately 2,544 Chinese nationals, including 637 criminal aliens, have been successfully removed to China. Paper No. 3, Ex. C, Hoechst Decl. Moreover, a recent submission shows that Petitioner's travel document has been obtained and Respondent will expedite Petitioner's removal. Given this uncontroverted information, Petitioner has failed to establish that there is no significant likelihood of his removal to China in the reasonably foreseeable future.

## Conclusion

For the aforementioned reasons, the Petition shall be denied and dismissed without prejudice. Respondent shall file a report regarding the status of Petitioner's removal on or before June 28, 2005. A separate Order follows.

/s/

Date:  April 19, 2005

William M. Nickerson
Senior United States District Judge